UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA TROUTMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00431-JMS-MJD |
| | ) | |
| CHARLES A. PENFOLD, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Joshua Troutman for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-10-0017. For the reasons explained in this Entry, Mr. Troutman's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On September 30, 2016, case manager J. Chambers wrote a conduct report in case IYC 16-10-0017 charging Mr. Troutman with assault on staff. The conduct report states:

> On September 30, 2016 at approximately 1:25 P.M. I, J. Chambers entered Housing Unit Central N-Unit to assist with targeted searches at the time First Responders were via radioed to the Unit. Entering the unit I observed R. Marks on his knees securing Offender Troutman, Joshua (# 121857/N1-4U) left wrist as Officer Andrade as well on his knees securing the offenders chest area attempting to calm the offender down. Offender stated "I am calm ready to stand up." As Marks, Officer Andrade and offender Troutman were standing up offender then became unruly, belligerent refusing all orders from staff and resisting staff. I then entered the cell to assist staff to gain control of the offender as I was pushed by offender Troutman causing injury to my right leg by cutting it open on the corner of a property box. Offender then secured as I was advised to go to medical staff to get evaluated for my right leg. Medical then advised that I will need to go to Hendricks County Regional Health to get evaluated due to the cut being more open and deeper in my leg as it was cleaned. I then proceeded to HCR Health for further evaluation.

Dkt. 9-1.

On October 6, 2016, Mr. Troutman was notified of the charge of assault on staff and served with the conduct report and screening report. Mr. Troutman was notified of his rights, pled not guilty and requested the appointment of a lay advocate. Dkt. 9-2. He requested a witness, inmate McDaniel, and requested photo evidence. *Id*.

The hearing officer conducted a disciplinary hearing in IYC 16-10-0017 on October 14, 2016, and found Mr. Troutman guilty of the charge of assault on staff. Dkt. 9-3. At the hearing, Mr. Troutman stated, "I never touched Mr. Chambers." *Id*. In determining Mr. Troutman's guilt, the hearing officer considered the Mr. Troutman's statements, staff reports, and witness statements. *Id*. The hearing officer recommended and approved the following sanctions: 45 days lost commissary and phone privileges, 360 days in disciplinary segregation, restitution of $5,000, loss of 360 days of earned credit time, and a demotion from credit class II to credit class III. *Id*.

Mr. Troutman appealed to the facility head and the Indiana Department of Correction ("IDOC") final reviewing authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Troutman challenges the sufficiency of the evidence and the appropriateness of the sanctions issued in this disciplinary action. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Here, the conduct report states that Mr. Troutman was belligerent and refusing orders. While correctional staff were attempting to gain control of him, he pushed a correctional officer into a property box and the officer was cut by the corner of the box. This constitutes "some evidence" that Mr. Troutman was guilty of assaulting an officer. Mr. Troutman is thus not entitled to relief on this basis.

Mr. Troutman's credit-time sanction was 360 days, which is within IDOC policy guidelines. *See* IDOC Policy and Administrative Procedure, http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_ for_Adult_Offenders___6-1-2015.pdf. Mr. Troutman argues that

IDOC policy requires the hearing officer to provide justification when imposing a loss of earned time credit greater than six months. While this may be true, prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

Similarly, Mr. Troutman's complaint regarding his restitution sanction does not entitle him to relief. In the prison discipline context, in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). Therefore, sanctions such as restitution do not result in the petitioner being "in custody" as a result of that proceeding. *See Smith v. Neal*, 660 Fed. Appx. 473, 475 (7th Cir. 2016). The same is true for placement in disciplinary segregation. *See Holleman v. Finnan*, 259 Fed. Appx. 878, 879 (7th Cir. 2008); *Montgomery*, 262 F.3d 641, 643-44 (7th Cir. 2001).

A federal court will not normally review a state sentencing determination unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly

disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Mr. Troutman's sanctions do not meet this high standard and he is not entitled to relief on this basis.

Mr. Troutman raises additional issues in his responses to the respondent's return to the order to show cause. Some of these issues were also discussed in the exhibits Mr. Troutman attached to his petition, but since they were not listed as grounds in his petition, the respondent understandably did not brief them. Mr. Troutman acknowledges that these issues were not exhausted through the administrative appeals process because he learned of them after the time for his administrative appeal had passed. Dkt. 1-1. p. 10. Nevertheless, the Court will briefly discuss why these issues would not have succeeded had Mr. Troutman properly exhausted his administrative remedies and raised them in his petition.

First, he alleges that he was denied an impartial hearing officer, but he does not provide any factual support for this allegation. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Because Mr. Troutman does not allege any such basis for his bias claim, he is not entitled to relief.

Second, Mr. Troutman alleges that the disciplinary officer's written statement of reasons for the disciplinary action is insufficient. Although the written statement of decision was brief, it

was sufficient to comport with due process. When a case is "particularly straightforward," the hearing officer need "only to set forth the evidentiary basis and reasoning for the decision." *Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007); *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007); *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). The hearing officer's simple statement regarding the evidence on which he relied in making his decision is sufficient. *See Jemison*, 244 Fed. Appx. at 42 (holding that the hearing officer's statement "that it relied on staff reports and [the inmate's] own statement at the hearing" was sufficient because the hearing officer "had only to weigh [the officer's] statement against [the inmate's]"). Accordingly, an adequate written statement was provided, and Mr. Troutman is not entitled to habeas relief on this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Troutman to the relief he seeks. Accordingly, Mr. Troutman's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 3/12/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA TROUTMAN
121857
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov